**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-09232 |
| HOLLYWOOD BOULEVARD CINEMA, LLC, | ) | Hon. Eugene Wedoff |
| | ) | |
| | ) | Hearing Date: April 16, 2014 |
| Debtor. | ) | Hearing Time: 9:30 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Richard M. Fogel, not individually, but solely in his capacity as chapter 11 trustee for Hollywood Boulevard Cinema, LLC |
| Date of Order Authorizing Employment: | October 29, 2013 (Docket No. 203) |
| Period for Which Compensation is Sought: | October 9, 2013 through and including March 18, 2014 |
| Amount of Fees Sought: | $88,671.50 |
| Amount of Expense Reimbursement Sought: | $1,907.39 |
| This is a(n): | ☐ Interim Application    ☒ Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| N/A | | | | |

| | |
|---|---|
| Applicant: Shaw Fishman Glantz & Towbin LLC | Richard M. Fogel, not individually, but solely in his capacity as chapter 11 trustee for Hollywood Boulevard Cinema, LLC |
| Date: March 21, 2014 | By: ___/s/ *John Guzzardo*___ |
| | One of the Trustee's Attorneys |

{10710-001 APPL A0370420.DOC}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-09232 |
| HOLLYWOOD BOULEVARD CINEMA, LLC, | ) | Hon. Eugene Wedoff |
| | ) | |
| | ) | Hearing Date:  April 16, 2014 |
| Debtor. | ) | Hearing Time:  9:30 a.m. |

## NOTICE OF MOTION

TO:    Attached Service List

**PLEASE TAKE NOTICE** that on **Wednesday, April 16, 2014 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Eugene Wedoff, Bankruptcy Judge, Courtroom 744 in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois and present the **First and Final Fee Application of Shaw Fishman Glantz & Towbin LLC as Bankruptcy Counsel to Chapter 11 Trustee for Allowance of Compensation and Reimbursement of Expenses,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Peter J. Roberts
> John Guzzardo
> Shaw Fishman Glantz & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151  telephone
> (312) 980-3888  facsimile

## CERTIFICATE OF SERVICE

John Guzzardo, an attorney, certifies that he caused to be served upon the persons listed a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on March 21, 2014.

> */s/ John Guzzardo*

{10710-001 APPL A0370034.DOC}

## Mailing Information for Case 13-09232

**Electronic Mail Notice List**

- Thomas V Askounis     taskounis@askounisdarcy.com, akapai@askounisdarcy.com
- Kurt M Carlson     kcarlson@carlsondash.com, knoonan@carlsondash.com
- Alex Darcy     adarcy@askounisdarcy.com
- Richard M. Fogel     rfogel@shawfishman.com, il72@ecfcbis.com
- Edward P. Freud     epfreud@rwrlaw.com
- John W Guzzardo     jguzzardo@shawfishman.com, jhampton@shawfishman.com
- Dean C Harvalis     USTPRegion11.es.ecf@usdoj.gov, constantine.harvalis@usdoj.gov
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Mark E Leipold     mleipold@gouldratner.com, stamssot@gouldratner.com;hmartinez@gouldratner.com
- Timothy S. McFadden     tmcfadden@btlaw.com
- Colleen E McManus     cmcmanus@carlsondash.com, knoonan@carlsondash.com;jbubacz@carlsondash.com
- Joel R Nathan     joel.nathan@usdoj.gov, ecf1.ausa@usdoj.gov, paula.gabriel@usdoj.gov,marina.ravelo@usdoj.gov,carol.bithos@usdoj.gov,
- David A. Newby     dnewby@comananderson.com, tmaurer@comananderson.com
- Ashley Parker     aparker@askounisdarcy.com, agrajek@gmail.com
- Peter J Roberts     proberts@shawfishman.com
- Deborah L. Thorne     dthorne@btlaw.com, jbennett@btlaw.com

{10710-001 APPL A0370034.DOC}          2

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-09232 |
| HOLLYWOOD BOULEVARD CINEMA, LLC, | ) | Hon. Eugene Wedoff |
| | ) | |
| | ) | Hearing Date:   April 16, 2014 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC AS BANKRUPTCY COUNSEL TO CHAPTER 11 TRUSTEE FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Federal Rules of Bankruptcy Procedure 2002(a)(6), 2016(a) and Local Bankruptcy Rule 5082-1 for: (a) the total allowance and approval, on a final basis, of $88,671.50 in compensation for 215.9 hours of professional services rendered by Shaw Fishman as general bankruptcy counsel to Richard M. Fogel, as the chapter 11 trustee (the "Trustee") of Hollywood Boulevard Cinema, LLC (the "Debtor") for the period beginning October 9, 2013 through and including March 18, 2014 (the "Application Period"); and (b) allow and approve, on a final basis, the reimbursement of $1,907.39 for actual costs incurred incident to those services. In support of this application (the "Application"), Shaw Fishman states as follows:

### BACKGROUND

1.    On March 8, 2013 ("Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 case (the "Case").

2.    Thereafter, the Debtor administered its estate (the "Estate") as a debtor in possession within the meaning of 11 U.S.C. § 1101(1).

{10710-001 APPL A0370034.DOC}    1

3. On October 10, 2013 (the "Appointment Date") this Court entered an order (the "Appointment Order"). (Docket No. 192) approving the appointment a chapter 11 trustee of the Estate, and the Trustee was subsequently appointed by the United States Trustee.

4. The Debtor operated a 10 screen themed movie theater at 1001 W. 75th Street, Woodridge, Illinois (the "Premises") that featured in-theater dining and beverage service (the "Theater"). The Debtor leased the Premises from Woodgrove Festival 563 LLC, as successor to Kimco North Trust II ("Landlord").

5. Prior to the Petition Date, the Debtor financed its operations pursuant to a senior secured credit facility ("Pre-Petition Credit-Facility") with First Midwest Bank ("FMB"). Pursuant to the Debtor's agreements with FMB, except for the operating assets that were subject to purchase money security interests (the "PMSI Claimants") or true leases (the "Equipment Lessor"), FMB had senior liens and/or mortgages on all of the Debtor's assets. As of the Petition Date, the principal balance of the Pre-Petition Credit-Facility exceeded $1.9 million.[1]

6. Upon his appointment, the Trustee conferred with counsel for the U.S. Trustee, counsel for FMB and former counsel for the Debtor regarding the background and status of the Case. The Trustee also conferred with counsel for Edwin Charles Bulthaup III, the Debtor's managing member.

7. Based on these discussions, the Trustee determined that it would be in the best interests of the Estate to sell the business as a going concern.

---

[1] Prior to the Petition Date, the U.S. Small Business Administration ("SBA") entered into an Intercreditor Subordination Agreement with FMB with respect to a lien asserted by SBA in and to the Debtor's lease of the Premises.

{10710-001 APPL A0370034.DOC}    2

8. On October 29, 2013, the Trustee was authorized to employ High Ridge Partners ("HRP") as his financial advisor to assist him with the sale process and with the management of the Theater during the sale process.

9. With the consent of FMB, the Trustee used cash collateral generated by the Theater to operate the Debtor's business while the Trustee and HRP marketed the Theater for sale.

10. The Trustee worked closely with HRP to address a number of management and operational issues at the Theater. The Trustee was actively involved with HRP and FMB throughout the sale process.

11. On January 31, 2014, the Trustee conducted an auction sale for the Theater. The winning bidder at the auction was Hobson Financial Group of Illinois, Inc. with a cash bid of $2,900,000. The backup bid at the auction was $2,875,000.

12. On February 4, 2014, the Court entered an order approving the sale (the "Sale Order") (Docket No. 274) and the sale closed on February 10, 2014.

13. Pursuant to the terms of the Sale Order, the Trustee paid $1,600,000 to FMB in partial payment of its claim. After payment of this sum, and other approved payments to the PMSI Claimants, the Equipment Lessor and the Landlord, the Trustee is holding net sale proceeds in the approximate amount of $760,000.

14. On March 18, 2014, the Case was converted from a case under Chapter 11 to a case under Chapter 7. (Docket No. 297.) Fogel has been appointed as the chapter 7 trustee for the Estate. The Estate had approximately $224,000 in net revenue during the Chapter 11 case.

15. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

16. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(M), and/or (O).

### RETENTION OF SHAW FISHMAN

17. Shaw Fishman's retention as general bankruptcy counsel for the Trustee in the Case, effective as of the Appointment Date, was approved by an order of this Court dated October 29, 2013. (Docket No. 203.)

18. During the Application Period, Shaw Fishman assisted the Trustee with, among other things: (a) investigating and reviewing financial materials upon the Trustee's appointment; (b) retaining HRP; (c) securing post-appointment financing through a cash collateral agreement with FMB; (d) resolving creditor lien and priority issues; (e) investigating malfeasance by the Debtor's principal during the post-petition period; (f) obtaining premium financing agreements to provide insurance coverage for the Debtor's operations post-appointment; (g) negotiating and resolving PMSI Claimants' motions to lift stay; (h) resolving pre-petition judgment collection issues; (i) extending lease termination deadlines and resolving significant claims against the Debtor by the Landlord in order to assume and assign the Theater lease as part of the sale; and (j) establishing bid procedures and assisting with the marketing, auction and consummation of the sale of the Theater.

19. Shaw Fishman's statements of services rendered and expenses incurred (the "Invoices") for the Application Period are attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

20. To date, Shaw Fishman has received no payments in connection with its services to the Trustee.

## SERVICES RENDERED BY SHAW FISHMAN

21. In aggregate, Shaw Fishman's attorneys and paralegals rendered 215.9 hours of services for the Trustee in connection with this Case during the Application Period. All of the services reflected on the attached Invoices pertain to this Case and were rendered at the request of the Trustee in the exercise of his duties under 11 U.S.C. § 1106. At the customary hourly rates charged by Shaw Fishman's attorneys and paralegals, the aggregate amount due Shaw Fishman for the services rendered to the Trustee during the Application Period is $88,671.50, for an average hourly rate of approximately $410.70. The expenses for which reimbursement is requested are those customarily charged by Shaw Fishman to all of its clients. The aggregate expense reimbursement reflected on the attached Invoices sought by this Application is $1,907.39.

22. In evaluating this Application, this Court should consider the value of the services rendered by Shaw Fishman for the Trustee, the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in similar cases, the experience and ability of the attorneys involved and the compensation amounts awarded in similar cases. These factors, whether viewed individually or collectively, support an award of the requested compensation in full. All of the services for which compensation is requested were services that, in Shaw Fishman's billing judgment, were

necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

23. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into ten (10) separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
| --- | --- | --- |
| Case Administration | 24.8 | $10,399.00 |
| Cash Collateral / DIP Financing | 6.3 | $2,992.50 |
| Creditors and Claims | 4.7 | $2,150.00 |
| Executory Contracts | 2.0 | $950.00 |
| General Investigation | 7.4 | $2,690.00 |
| Motions to Lift Stay | 5.9 | $2,565.00 |
| Retention of Professionals / Fee Applications | 29.2 | $10,445.00 |
| Sale of Assets | 86.7 | $38,415.00 |
| Settlement of Plaintiff's Claims | 18.1 | $6,342.50 |
| Unexpired Leases | 30.8 | $11,722.50 |
| **TOTAL** | **215.9** | **$88,671.50** |

24. The following is a separate description of each of Shaw Fishman's principal categories of activities, which generally describe the tasks performed. The Invoices provide detailed descriptions of all services rendered in each of the following categories and the

timekeeper, date, and amount of time expended in each category. Summary charts for each category setting forth each professional who rendered services, total time and value of services, and the total dollar value are also provided herein as follows:

### A. Case Administration

25. Shaw Fishman expended 24.8 hours of professional services having a value of $10,399.00 pertaining to, among other things: (a) the collection and review of prior pleadings and financial documents upon the Trustee's appointment; (b) the resolution of insurance premium payment issues; and (c) initial meetings and communications with FMB and HRP regarding the status of the Case and strategies for maximizing value.

26. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Peter J. Roberts | 11.2 | $5,320.00 |
| Richard M. Fogel | 4.9 | $2,205.00 |
| John Guzzardo | 7.6 | $2,660.00 |
| Patricia M. Fredericks | 1.0 | $200.00 |
| Bernard Thomas | .1 | $14.00 |

### B. Cash Collateral / DIP Financing

27. Shaw Fishman expended 6.3 hours of professional services having a value of $2,992.50 pertaining to: (a) a review of cash accounting and reporting issues; (b) the communication and negotiation with FMB regarding cash management and cash collateral issues; and (c) the review and monitoring of cash flow variance reports.

{10710-001 APPL A0370034.DOC}                    7

28. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 6.3 | $2,992.50 |

### C. Creditors and Claims

29. Shaw Fishman expended 4.7 hours of professional services having a value of $2,150.00 pertaining to the review and analysis of scheduled creditors, claims and liens and the allocation and priority of those claims.

30. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 3.8 | $1,805.00 |
| Richard M. Fogel | .3 | $135.00 |
| John Guzzardo | .6 | $210.00 |

### D. Executory Contracts

31. Shaw Fishman expended 2 hours of professional services having a value of $950.00 pertaining to the review and analysis of the potential termination of a credit card servicing agreement.

32. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

{10710-001 APPL A0370034.DOC}                 8

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 2.0 | $950.00 |

E. **General Investigation**

33. Shaw Fishman expended 7.4 hours of professional services having a value of $2,690.00 assisting the Trustee with his initial investigation of malfeasance of the Debtor's principal prior to the Appointment Date.

34. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | .8 | $380.00 |
| John Guzzardo | 6.6 | $2,310.00 |

F. **Motion to Lift Stay**

35. Shaw Fishman expended 5.9 hours of professional services having a value of $2,565.00 pertaining to the Trustee's responses to certain PMSI Claimants' attempts to lift the automatic stay and repossess equipment critical to the Debtor's operations. These services include, but are not limited to: (a) the review of pleadings and motions; (b) analysis of security interests and reviewing contracts; (c) attendance of hearings on motions to lift stay; and (d) communications and negotiations with PMSI Claimants' counsel.

36. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 4.0 | $1,900.00 |
| John Guzzardo | 1.9 | $665.00 |

### G. Retention of Professionals and Fee Applications

37. Shaw Fishman expended 29.2 hours of professional services having a value of $10,445.00 pertaining to the employment or compensation of professionals to assist the Trustee in performing his duties, including, among other things: (a) preparation of the motion and attendance at the hearing to retain Shaw Fishman as general bankruptcy counsel; (b) preparation of the motion and attendance at the hearing to retain HRP as financial consultant; and (c) preparing this Application and the fee application for HRP.

38. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
|---|---|---|
| Peter J. Roberts | 1.8 | $855.00 |
| John Guzzardo | 27.4 | $9,590.00 |

### H. Sale of Assets

39. Shaw Fishman expended 86.7 hours of professional services having a value of $38,415.00 pertaining to the sale of the Theater, including, among other things: (a) legal research and document and pleading review in connection with the sale; (b) legal research and drafting of the motion to authorize bidding and sales procedures; (c) negotiations with the Debtor, FMB and potential purchasers regarding the bidding procedures and the sale; (d) formulation of bid procedures and drafting of all documents used in the connection with the auction sale; (e) legal

{10710-001 APPL A0370034.DOC}                                10

research and drafting of the motion to assume and assign the Debtor's leases; (f) coordinating, holding and attending the sale auction; (g) legal research, negotiation and drafting of the final approval of sale documents; (h) preparation for and attendance of the final sale approval hearing; and (i) preparation for and attendance of the sale closing.

40. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Peter J. Roberts | 61.2 | $29,070.00 |
| Richard M. Fogel | 4.2 | $1,890.00 |
| John Guzzardo | 21.3 | $7,455.00 |

I. **Settlement of Plaintiff's Claims**

41. Shaw Fishman expended 18.1 hours of professional services having a value of $6,342.5 pertaining to the settlement and resolution of the Debtor's claims against Origin Fire, Inc., the Bankruptcy Court approval of that settlement and the dismissal of all pending causes of action and legal proceedings related to the Origin Fire, Inc. pre-petition litigation.

42. The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Peter J. Roberts | 1.5 | $712.00 |
| John Guzzardo | 15.4 | $5,390.00 |
| Melissa Westbrook | 1.2 | $240.00 |

**J.    Unexpired Leases**

43.    Shaw Fishman expended 30.8 hours of professional services having a value of $11,722.50 pertaining to: (a) negotiations with the Landlord regarding defaults and cure amounts under the Theater lease; (b) the drafting of motions to extend Theater lease termination deadlines; (c) the review of Theater leases and related leases in connection with the cure, assumption and assignment of those leases; and (d) the review and negotiation with equipment lessors regarding pending leases for certain equipment critical to the Debtor's operations.

44.    The chart below is a summary of the total amount of time entered by each timekeeper during the Application Period, as well as the corresponding dollar value of those services.

| Professional | Hours | Amount |
| --- | --- | --- |
| Peter J. Roberts | 6.9 | $3,277.00 |
| Richard M. Fogel | .8 | $360 |
| John Guzzardo | 23.1 | $8,085.00 |

**Summary of Services Rendered By Professional**

45.    In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Billed Hours | Amount |
| --- | --- | --- | --- | --- |
| Peter J. Roberts | Member | $475.00 | 99.5 | $47,262.50 |
| Richard M. Fogel | Counsel | $450.00 | 10.2 | $4,590.00 |
| John Guzzardo | Associate | $350.00 | 103.9 | $36,365.00 |
| Patricia Fredericks | Paralegal | $200.00 | 1.0 | $200.00 |
| Melissa Westbrook | Paralegal | $200.00 | 1.2 | $240.00 |

| Professional | Position | Hourly Rate | Billed Hours | Amount |
|---|---|---|---|---|
| Bernard Thomas | Paralegal | $140.00 | .1 | $14.00 |

46. In evaluating this Application, this Court should consider the following: (a) the value of the services rendered by Shaw Fishman on behalf of the Trustee; (b) the nature and complexity of the issues presented; (c) the skill required to perform the legal services properly; (d) the customary fees charged by other professionals in this case and in similar cases; (e) the experience and ability of the professionals involved; and (f) the amount of compensation awarded in similar cases. When viewed either individually or collectively, these factors support an award of the requested compensation in full.

47. The hourly rates charged by Shaw Fishman with respect to its legal services compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals. Further, the amount of time spent by Shaw Fishman with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, and the ultimate benefit to the Estate.

48. Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear on behalf of the Trustee. In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to confer or appear at the same time. When possible, Shaw Fishman would have one attorney handle multiple matters. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

49. The issues presented in the Case have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely: (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such

services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full and on a final basis.

**EXPENSES**

50.     The aggregate amount of expenses for which reimbursement is being sought is $1,907.39. All of the expenses for which reimbursement is requested are expenses which Shaw Fishman customarily recoups from all of its clients. An itemization of the expenses is attached hereto as part of Exhibit A. The types of costs for which reimbursement is sought are listed below:

| Internal Photocopy | 10¢ per page |
|---|---|
| Commercial/Court Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Conference Calls | actual cost |
| Local Telephone | no charge |
| Outgoing Facsimiles | no charge |
| Incoming Facsimiles | no charge |
| On Line Legal or Factual Research (Pacer) | actual or prorated percentage cost |
| Postage | actual cost |
| Overnight Delivery (*e.g.*, Federal Express) | actual cost |
| Filing/Recording Fees | actual cost |
| Deposition Costs | actual cost |
| Local and Long Distance Travel | actual cost |

51.     The specific expenses for which reimbursement is requested during the Application Period are as follows:

{10710-001 APPL A0370034.DOC}                     14

| Internal Photocopy | $128.70 |
| Conference Call | $50.77 |
| PACER | $90.00 |
| Postage | $670.52 |
| Overnight Delivery (*e.g.*, Federal Express and Messenger) | $155.55 |
| Miscellaneous (filing fees, taxi service, lien searches) | $811.85 |

52. All expenses incurred by Shaw Fishman incidental to its services were customary and necessary expenses. All expenses were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## COMPLIANCE WITH 11 U.S.C. § 504

53. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation payable to Shaw Fishman.

WHEREFORE, Shaw Fishman Glantz and Towbin, LLC requests the entry of an order, substantially in the form attached hereto, that:

a) Allows Shaw Fishman $88,671.00 in compensation, on a final basis, for services provided during the Application Period;

b) Allows Shaw Fishman $1,907.39 in expense reimbursement, on a final basis, for expenses incurred during the Application Period;

c) Authorizes the Trustee to pay Shaw Fishman the allowed compensation and expense reimbursements in the amount of $90,578.89;

d) Waives other and further notice of the hearing with respect to this Application; and

e) Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

                                        Respectfully submitted,
                                        SHAW FISHMAN GLANTZ
                                        & TOWBIN, LLC

Dated: March 21, 2014                        By:   */s/ John Guzzardo*

                                        Peter J. Roberts
                                        John Guzzardo
                                        Shaw Fishman Glantz & Towbin LLC
                                        321 North Clark Street, Suite 800
                                        Chicago, IL 60654
                                        Tel: (312) 541-0151
                                        Fax: (312) 980-3888
                                        *Counsel for the Trustee*