**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-09232 |
| HOLLYWOOD BOULEVARD CINEMA, LLC, | ) | Hon. Eugene Wedoff |
| | ) | |
| | ) | Hearing Date: April 16, 2014 |
| Debtor. | ) | Hearing Time: 9:30 a.m. |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| Name of Applicant: | High Ridge Partners |
|---|---|
| Authorized to Provide Professional Services to: | Richard M. Fogel, not individually, but solely in his capacity as chapter 11 trustee for Hollywood Boulevard Cinema, LLC |
| Date of Order Authorizing Employment: | October 29, 2013 |
| Period for Which Compensation is Sought: | October 10, 2013 through and including March 18, 2014 |
| Amount of Fees Sought: | $149,053.50 |
| Amount of Expense Reimbursement Sought: | $4,017.68 |
| This is a(n): | ☐ Interim Application     ☒ Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| N/A | | | | |

| | |
|---|---|
| Applicant: High Ridge Partners | Richard M. Fogel, not individually, but solely in his capacity as chapter 11 trustee for Hollywood Boulevard Cinema, LLC |
| Date: March 21, 2014 | By: ___/s/ *John Guzzardo*___<br>One of the Trustee's Attorneys |

{10710-001 APPL A0370421.DOC}

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-09232 |
| HOLLYWOOD BOULEVARD CINEMA, LLC, | ) | Hon. Eugene Wedoff |
| | ) | |
| | ) | Hearing Date: April 16, 2014 |
| Debtor. | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:    Attached Service List

**PLEASE TAKE NOTICE** that on **Wednesday, April 16, 2014 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Eugene Wedoff, Bankruptcy Judge, Courtroom 744 in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois and present the **First and Final Fee Application of High Ridge Partners as Financial Consultants to the Chapter 11 Trustee for Allowance of Compensation and Reimbursement of Expenses,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Peter J. Roberts
> John Guzzardo
> Shaw Fishman Glantz & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151  telephone
> (312) 980-3888  facsimile

## CERTIFICATE OF SERVICE

John Guzzardo, an attorney, certifies that he caused to be served upon the persons listed a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on March 21, 2014.

> */s/ John Guzzardo*

{10710-001 APPL A0370128.DOC}

# Mailing Information for Case 13-09232

### Electronic Mail Notice List

- Thomas V Askounis	taskounis@askounisdarcy.com, akapai@askounisdarcy.com
- Kurt M Carlson	kcarlson@carlsondash.com, knoonan@carlsondash.com
- Alex Darcy	adarcy@askounisdarcy.com
- Richard M. Fogel	rfogel@shawfishman.com, il72@ecfcbis.com
- Edward P. Freud	epfreud@rwrlaw.com
- John W Guzzardo	jguzzardo@shawfishman.com, jhampton@shawfishman.com
- Dean C Harvalis	USTPRegion11.es.ecf@usdoj.gov, constantine.harvalis@usdoj.gov
- Patrick S Layng	USTPRegion11.ES.ECF@usdoj.gov
- Mark E Leipold	mleipold@gouldratner.com, stamssot@gouldratner.com;hmartinez@gouldratner.com
- Timothy S. McFadden	tmcfadden@btlaw.com
- Colleen E McManus	cmcmanus@carlsondash.com, knoonan@carlsondash.com;jbubacz@carlsondash.com
- Joel R Nathan	joel.nathan@usdoj.gov, ecf1.ausa@usdoj.gov, paula.gabriel@usdoj.gov,marina.ravelo@usdoj.gov,carol.bithos@usdoj.gov,
- David A. Newby	dnewby@comananderson.com, tmaurer@comananderson.com
- Ashley Parker	aparker@askounisdarcy.com, agrajek@gmail.com
- Peter J Roberts	proberts@shawfishman.com
- Deborah L. Thorne	dthorne@btlaw.com, jbennett@btlaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-09232 |
| HOLLYWOOD BOULEVARD CINEMA, LLC, | ) | Hon. Eugene Wedoff |
| | ) | |
| | ) | Hearing Date:   April 16, 2014 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |

**FIRST AND FINAL FEE APPLICATION OF HIGH RIDGE PARTNERS AS FINANCIAL CONSULTANTS TO THE CHAPTER 11 TRUSTEE FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

High Ridge Partners ("HRP"), the financial consultants for Richard M. Fogel, as the chapter 11 trustee (the "Trustee") of Hollywood Boulevard Cinema, LLC (the "Debtor") applies to this Court pursuant to 11 U.S.C. §§ 326, 330 and 503(b), Federal Rules of Bankruptcy Procedure 2002(a)(6) and 2016(a) and Local Bankruptcy Rule 5082-1 for: (a) the total allowance and approval, on a final basis, of $149,053.50 in compensation for 475.0 hours of professional services rendered by HRP for the period beginning October 10, 2013 through and including March 18, 2014 (the "Application Period"); and (b) allow and approve, on a final basis, the reimbursement of $4,017.68 for actual costs incurred incident to those services. In support of this application (the "Application"), HRP states as follows:

**BACKGROUND**

1. On March 8, 2013, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 case (the "Case").

2. Thereafter, the Debtor administered its estate (the "Estate") as debtor in possession within the meaning of 11 U.S.C. § 1101(1).

3.	On October 10, 2013 (the "Appointment Date") this Court entered an order (the "Appointment Order"). (Docket No. 192) approving the appointment a chapter 11 trustee of the Estate, and the Trustee was subsequently appointed by the United States Trustee.

4.	The Debtor operated a 10 screen themed movie theater at 1001 W. 75th Street, Woodridge, Illinois (the "Premises") that featured in-theater dining and beverage service (the "Theater"). The Debtor leased the Premises from Woodgrove Festival 563 LLC, as successor to Kimco North Trust II ("Landlord").

5.	Prior to the Petition Date, the Debtor financed its operations pursuant to a senior secured credit facility ("Pre-Petition Credit Facility") with First Midwest Bank ("FMB"). Pursuant to the Debtor's agreements with FMB, except for the operating assets that were subject to purchase money security interests (the "PMSI Claimants") or true leases (the "Equipment Lessor"), FMB had senior liens and/or mortgages on all of the Debtor's assets. As of the Petition Date, the principal balance of the Pre-Petition Credit-Facility exceeded $1.9 million.[1]

6.	Upon his appointment, the Trustee conferred with counsel for the U.S. Trustee, counsel for FMB and former counsel for the Debtor regarding the background and status of the Case. The Trustee also conferred with counsel for Edwin Charles Bulthaup III, the Debtor's managing member.

7.	Based on these discussions, the Trustee determined that it would be in the best interests of the Estate to sell the business as a going concern.

---

[1] Prior to the Petition Date, the U.S. Small Business Administration ("SBA") entered into an Intercreditor Subordination Agreement with FMB with respect to a lien asserted by SBA in and to the Debtor's lease of the Premises.

{10710-001 APPL A0370128.DOC}            2

8. On October 29, 2013, the Trustee was authorized to employ HRP as his financial advisor to assist him with the sale process and with the management of the Theater during the sale process. (Docket No. 205.)

9. With the consent of FMB, the Trustee used cash collateral generated by the Theater to operate the Debtor's business while the Trustee and HRP marketed the Theater for sale.

10. The Trustee worked closely with HRP to address a number of management and operational issues at the Theater. The Trustee was actively involved with HRP and FMB throughout the sale process.

11. On January 31, 2014, the Trustee conducted an auction sale for the Theater. The winning bidder at the auction was Hobson Financial Group of Illinois, Inc. (the "Buyer") with a cash bid of $2,900,000. The backup bid at the auction was $2,875,000.

12. On February 4, 2014, the Court entered an order approving the sale (the "Sale Order") (Docket No. 274) and the sale closed on February 10, 2014.

13. Pursuant to the terms of the Sale Order, the Trustee paid $1,600,000 to FMB in partial payment of its claim. After payment of this sum and other approved payments to the PMSI Claimants, the Equipment Lessor and the Landlord, the Trustee is holding net sale proceeds in the approximate amount of $760,000.

14. On March 18, 2014, the Case was converted from a case under Chapter 11 to a case under Chapter 7. (Docket No. 297.) Fogel has been appointed as the chapter 7 trustee for the Estate. The Estate had approximately $224,000 in net revenue during the Chapter 11 case.

15. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

16. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(M), and/or (O).

## RETENTION OF HRP

17. HRP's retention as financial advisor for the Trustee in the Case, effective as of the Appointment Date, was approved by an order of this Court dated October 29, 2013 (the "Retention Order").  (Docket No. 205.)  Pursuant to the Retention Order, HRP submitted monthly invoices with a detailed statement of services ("Fee Statement") to certain notice parties (*i.e.* the Office of the United States Trustee and FMB) and any other party-in-interest requesting notice of HRP's fees ("Notice Parties").  The Notice Parties were given an opportunity to object to Fee Statements.  Absent any objections, the Trustee was authorized to pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly Fee Statement.  No Notice Party objected to any Fee Statement during the Case.  The Trustee made payments to HRP on the dates and in the amounts set forth in Exhibit A, attached hereto.  As of February 28, 2014, $24,632.60 was owed to HRP for services performed ("Hold Back Amount").  The Hold Back Amount remained in the Trustee's possession pending final approval of HRP's fees, pursuant to the terms of the Retention Order.

18. During the Application Period, HRP assisted the Trustee with, among other things: (a) general financial restructuring advice; (b) the day-to-day management of the Debtor's operations; (c) the generation of financial reports, including monthly operating reports, budgets

{10710-001 APPL A0370128.DOC}    4

and other analyses; (d) governmental tax authority reporting including, but not limited to, payroll tax, sales tax and income tax; (e) the initial valuation of the Debtor's assets; the identification of potential purchasers of assets, and the evaluation of purchase offers for those assets; (f) the review of internal financial information generated by the Debtor for consistency and accuracy; and (g) the investigation into post-petition malfeasance by the Debtor's principal.

19. HRP's statements of services rendered and expenses incurred (the "Invoices") for the Application Period are attached hereto as Exhibit B and incorporated herein by reference.

## SERVICES RENDERED BY HRP

20. In aggregate, HRP professionals rendered 475.0 hours of services for the Trustee in connection with this Case during the Application Period. All of the services reflected on the attached Invoices pertain to this Case and were rendered at the request of the Trustee in the exercise of his duties under 11 U.S.C. § 1106. At the customary hourly rates charged by HRP professionals, the aggregate amount due HRP for the services rendered to the Trustee during the Application Period is $149,053.50 (the "Aggregate Service Amount"), for an average hourly rate of approximately $313.80. The expenses for which reimbursement is requested are those customarily charged by HRP to all of its clients. The aggregate expense reimbursement reflected on the attached Invoices sought by this Application is $4,017.82.

21. In evaluating this Application, this Court should consider the value of the services rendered by HRP for the Trustee, the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in similar cases, the experience and ability of the attorneys involved and the compensation amounts awarded in similar cases. These factors, whether viewed individually or collectively, support an award of the requested compensation in full. All of the services for

which compensation is requested were services that, in the Trustee's and HRP's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

22. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of HRP's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, HRP has classified its services into nine (9) separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 24.7 | $8,162.00 |
| Fee Application / Client Billing | 5.0 | $1,572.50 |
| Attendance at Court Hearings and Review of Pleadings | 6.6 | $2,104.00 |
| Accounting | 24.1 | $7,503.50 |
| Business Analysis | 77.7 | $24,271.00 |
| Monthly Reports | 28.2 | $8,880.00 |
| Lease and Executory Contract Analysis | 55.2 | $17,271.50 |
| Management of Business Operations | 160.5 | $50,130.00 |
| Sale of Assets | 93.0 | $29,159.00 |
| **TOTAL** | **475.0** | **$149,053.50** |

23. The following is a separate description of each of HRP's principal categories of activities, which generally describe the tasks performed. The Invoices provide detailed

{10710-001 APPL A0370128.DOC}    6

descriptions of all services rendered in each of the above categories and the timekeeper, date, and amount of time expended in each category.

### A. Case Administration

24. HRP expended 27.7 hours of professional services having a value of $8,162.00 pertaining to, among other things: (a) the initial review of cash reports, accounting controls and facilitating authorization to access and use Debtor accounts; (b) initial meetings and communications with FMB and the Trustee regarding the status of the Case and strategies for maximizing value of the Estate; and (d) investigation into and reporting of post-petition malfeasance of the Debtor's principal. Greg Apathy provided 20.6 hours of services for a corresponding dollar value of those services of $6,419.50. Nancy Ross provided 4.1 hours of services for a corresponding dollar value of those services of $1,742.50.

### B. Fee Application / Client Billing

25. HRP expended 5.0 hours of professional services having a value of $1,572.50 pertaining to the review and generation of invoices and Fee Statements and assisting Shaw Fishman in HRP's retention application and this fee Application. Greg Apathy provided 5.0 hours of services for a corresponding dollar value of those services of $1,572.50.

### C. Attendance at Court Hearings and Review of Pleadings

26. HRP expended 6.6 hours of professional services having a value of $2,2014.00 pertaining to the review of significant pleadings filed in the Case and attendance of various Bankruptcy Court hearings and presentments where the Trustee found it necessary to have HRP's knowledge and expertise on hand and available. Greg Apathy provided 6.2 hours of services for a corresponding dollar value of those services of $1,934.00. Nancy Ross provided .4 hours of services for a corresponding value of those services of $170.00

    **D.**    **Accounting**

27.    HRP expended 24.10 hours of professional services having a value of $7,503.50 pertaining to a variety of matters including, but not limited to: (a) preparing various financial and cash flow reports; (b) preparing account analysis for sale tax liability, related party balances and advances made by officers; and reports; and (c) reviewing the Debtor's accounting systems and providing advice on those systems. Greg Apathy provided 24.1 hours of services for a corresponding dollar value of those services of $7,503.50.

    **E.**    **Business Analysis**

28.    HRP expended 77.7 hours of professional services having a value of $24,271.00 pertaining to a variety of matters including, but not limited to: (a) review and analysis of cash flow budgets; (b) preparation of weekly variance reports; and (c) reconciliation of income statements with cash received. Greg Apathy provided 76.9 hours of services for a corresponding dollar value of those services of $23,931.00. Nancy Ross provided .8 hours of services for a corresponding dollar value of those services of $340.00.

    **F.**    **Monthly Reports**

29.    HRP expended 28.2 hours of professional services having a value of $8,880.00 pertaining to the generation of monthly operating reports. Greg Apathy provided 27.5 hours of services for a corresponding dollar value of those services of $8,582.50. Nancy Ross provided .7 hours of services for a corresponding dollar value of those services of $297.50.

    **G.**    **Lease and Executory Contract Analysis**

30.    HRP expended 55.2 hours of professional services having a value of $17,271.50 pertaining to a variety of matters in connection with the Debtor's equipment leases and executory contracts including, but not limited to: (a) the analysis of the Debtor's leases; (b) reconciliation

and review of purchase money security interest leases and UCC filings; (c) physical inspection of assets under lease; and (c) the review of equipment appraisals. Greg Apathy provided 54.7 hours of services for a corresponding dollar value of those services of $17,059.00. Nancy Ross provided .7 hours of services for a corresponding dollar value of those services of $297.50.

### H. Management of Business Operations

31. HRP expended 160.5 hours of professional services having a value of $50,130.00 pertaining to a number of tasks associated with the day-to-day operation of the Debtor's business including, but not limited to: (a) reviews of disbursements and sales reports; (b) review and reconciliation of weekly receipts in connection with the budget; (c) management of promotional appearances; (d) review and reconciliation of daily cash reports; (e) management and oversight of entertainment and food and drink operations; (f) management and oversight of payroll and tax payments; and (g) supervision of equipment repair and compliance with the Premises lease. Greg Apathy provided 160.5 hours of services for a corresponding dollar value of those services of $50,130.00.

### I. Sale of Assets

32. HRP expended 93.0 hours of professional services having a value of $29,159.00 pertaining to the sale of the Theater, including, among other things: (a) preparation of historical financial package and creation of a virtual dataroom in connection with facilitating buyer due diligence and the Trustee's sale efforts; (b) review of financial reports and leases in connection with valuation of the Debtor's business; (c) research regarding the transferability of liquor licenses; (d) review of term sheets and evaluation of potential purchase offers; and (e) communications with potential purchasers. Greg Apathy provided 92.7 hours of services for a

corresponding dollar value of those services of $29,031.50. Nancy Ross provided .3 hours of services for a corresponding dollar value of those services of $127.50.

### Summary of Services Rendered By Professional

33. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Billed Hours | Amount |
|---|---|---|---|---|
| Nancy Ross | Partner | $425.00 | 6.8 | $2,890.00 |
| Greg Apathy | Associate | $312.18[2] | 468.2 | $146,163.50 |

34. In evaluating this Application, this Court should consider the following: (a) the value of the services rendered by HRP on behalf of the Trustee; (b) the nature and complexity of the issues presented; (c) the skill required to perform the services properly; (d) the customary fees charged by other professionals in this case and in similar cases; (e) the experience and ability of the professionals involved; and (f) the amount of compensation awarded in similar cases. When viewed either individually or collectively, these factors support an award of the requested compensation in full.

35. The hourly rates charged by HRP with respect to its services compare favorably with the rates charged by other Chicago metropolitan turn-around consulting firms having employees with similar experience and expertise as the HRP professionals. Further, the amount of time spent by HRP in this Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, and the ultimate benefit to the Estate.

---

[2] Mr. Apathy's hourly rate increased from $310.00 per hour to $315.00 per hour on January 1, 2014. In this Case, Mr. Apathy provided 204.3 hours of services prior to January 1, 2014 and 263.9 hours of services after January 1, 2014.

{10710-001 APPL A0370128.DOC}    10

36. HRP has conscientiously attempted to avoid having multiple employees convene on behalf of the Trustee. In certain circumstances, however, it was necessary for more than one HRP professional to confer at the same time. When possible, HRP would have one employee handle multiple matters. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

37. The issues presented in the Case have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely: (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, HRP respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

### EXPENSES

38. The aggregate amount of expenses for which reimbursement is being sought is $4,017.68. All of the expenses for which reimbursement is requested are expenses which HRP customarily recoups from all of its clients. An itemization of the expenses is attached hereto as part of Exhibit B. The types of costs for which reimbursement is sought are listed below:

| Mileage / Tolls | 56.5¢ per mile in 2013 and 56¢ per mile in 2014 |
|---|---|
| Computer Supplies | actual cost |
| Taxi Service | actual cost |

39. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| Mileage / Tolls | $3,977.23 |
|---|---|
| Computer Supplies | $32.45 |
| Taxi Service | $8.00 |

40. All expenses incurred by HRP incidental to its services were customary and necessary expenses. All expenses were billed in the same manner as HRP bills its non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## COMPLIANCE WITH 11 U.S.C. § 504

41. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between HRP and any other firm, person or entity for the sharing of division of any compensation payable to HRP.

WHEREFORE, High Ridge Partners requests the entry of an order, substantially in the form attached hereto, that:

a) Allows HRP $149.053.50 in compensation, on a final basis, for services provided during the Application Period;

b) Allows HRP $4,017.68 in expense reimbursement, on a final basis, for expenses incurred during the Application Period;

c) Authorizes the Trustee to pay HRP the amount of $51,395.10 from the Hold Back Amount and the Estate;

d) Waives other and further notice of the hearing with respect to this Application; and

e) Provides HRP with such additional relief as may be appropriate and just under the circumstances.

        Respectfully submitted,
        High Ridge Partners

Dated: March 21, 2014        By:   */s/ John Guzzardo*

        John Guzzardo

{10710-001 APPL A0370128.DOC}    12

Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Tel: (312) 541-0151
Fax: (312) 980-3888
*Counsel for the Trustee*

{10710-001 APPL A0370128.DOC} 13