UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-09232 |
| HOLLYWOOD BOULEVARD CINEMA, LLC, | ) | Hon. Eugene Wedoff |
| | ) | |
| | ) | |
| Debtor. | ) | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | High Ridge Partners |
| Authorized to Provide Professional Services to: | Richard M. Fogel, not individually, but solely in his capacity as chapter 7 trustee for Hollywood Boulevard Cinema, LLC |
| Date of Order Authorizing Employment: | April 16, 2014 |
| Period for Which Compensation is Sought: | July 1, 2014 – October 31, 2014 |
| Amount of Fees Sought: | $2,110.50 |
| Amount of Expense Reimbursement Sought: | $43.90 |
| This is a(n): | ☐ Interim Application　☒ Final Application |

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| March 21, 2014 | Oct. 10, 2013 – Mar. 18, 2014 | $153,071.18 | $153,071.18 | $0.00 |
| July 24, 2014 | Mar. 19, 2014 – June 30, 2014 | $10,363.50 | $10,363.50 | $0.00 |

Note that the March 21, 2014 fee application was submitted in connection with the Debtor's chapter 11 case, prior to conversion to chapter 7 as of March 18, 2014.

| | |
|---|---|
| Applicant: High Ridge Partners | Richard M. Fogel, not individually, but solely in his capacity as chapter 7 trustee for Hollywood Boulevard Cinema, LLC |
| Date: November 25, 2014 | By: ___/s/ Richard M. Fogel___ |
| | Trustee |

{10710-002 APPL A0391602.DOC}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-09232 |
| HOLLYWOOD BOULEVARD CINEMA, | ) | Hon. Eugene Wedoff |
| LLC, | ) | |
| | ) | |
| Debtor. | ) | |

**FINAL FEE APPLICATION OF HIGH RIDGE PARTNERS AS FINANCIAL CONSULTANTS TO THE CHAPTER 7 TRUSTEE FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

High Ridge Partners ("HRP"), the financial consultants for Richard M. Fogel, as the chapter 7 trustee (the "Trustee") of Hollywood Boulevard Cinema, LLC (the "Debtor") applies to this Court pursuant to 11 U.S.C. §§ 326, 330 and 503(b), Federal Rules of Bankruptcy Procedure 2002(a)(6) and 2016(a) and Local Bankruptcy Rule 5082-1 for: (a) the total allowance and approval of $2,110.50 in compensation for 6.70 hours of professional services rendered by HRP for the period beginning July 1, 2014 through and including October 31, 2014 (the "Application Period"); and (b) allow and approve the reimbursement of $43.90 for actual costs incurred incident to those services. In support of this application (the "Application"), HRP states as follows:

**BACKGROUND**

1.  On March 8, 2013, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 case (the "Case").

2.  Thereafter, the Debtor administered its estate (the "Estate") as debtor in possession within the meaning of 11 U.S.C. § 1101(1).

3. On October 10, 2013 (the "Appointment Date") this Court entered an order (the "Appointment Order") (Docket No. 192) approving the appointment of a chapter 11 trustee of the Estate, and the Trustee was subsequently appointed by the United States Trustee.

4. The Debtor operated a 10 screen themed movie theater at 1001 W. 75th Street, Woodridge, Illinois (the "Premises") that featured in-theater dining and beverage service (the "Theater"). After his appointment, the Trustee determined that it would be in the best interests of the Estate to sell the business as a going concern. On October 29, 2013, the Trustee was authorized to employ HRP as his financial advisor to assist him with the sale process and with the management of the Theater during the sale process ("First Retention Order"). (Docket No. 205.)

5. On February 4, 2014, the Court entered an order approving the sale of the Theater (the "Sale Order") (Docket No. 274) and the sale closed on February 10, 2014.

6. On March 18, 2014, the Case was converted from a case under Chapter 11 to a case under Chapter 7. (Docket No. 297.) Fogel was appointed as the chapter 7 trustee for the Estate.

7. On April 16, 2014, the Trustee was authorized to employ HRP as his financial advisor to assist him with searching and compiling of business records for production pursuant to requests and subpoenas, and final tax and collections issues regarding the Debtor's business ("Second Retention Order" and, collectively with the First Retention Order, the "Retention Orders"). (Docket No. 320.)

8. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

9. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(M), and/or (O).

## AWARD OF INTERIM COMPENSATION

10. On July 24, 2014, HRP filed an application for an award of interim compensation and reimbursement of expenses for the period of March 19, 2014 through and including June 30, 2014 (the "Interim Application Period") (Dkt. No. 327).

11. On August 19, 2014, the Court entered an order awarding the sums of $10,363.50 as interim compensation and $1,221.20 for reimbursement of expenses (the "Interim Award) (Dkt. No 333).

12. During the Interim Application Period, HRP had assisted the Trustee with, among other things: (a) compliance with subpoenas served upon the Trustee / Debtor; (b) reconciling the ending cash balance and payment of final bills of the Estate; (c) assistance with the collection of outstanding receivables and credits owed to the Debtor; and (d) governmental tax authority reporting.

## ADDITIONAL SERVICES RENDERED BY HRP

13. During the Application Period, HRP assisted the Trustee with, among other things: (a) responding to an audit by the Illinois Department of Revenue, (b) finalizing payroll tax information and financial statements, (c) reviewing intercompany transactions, and (d) assisting with the application for interim compensation.

14. HRP's statement of services rendered and expenses incurred (the "Invoice") for the Application Period is attached hereto as Exhibit A and incorporated herein by reference.

15.     In aggregate, HRP professionals rendered 6.70 hours of services for the Trustee in connection with this Case during the Application Period. All of the services reflected on the attached Invoice pertain to this Case and were rendered at the request of the Trustee in the exercise of his duties under 11 U.S.C. § 704. At the customary hourly rates charged by HRP professionals, the aggregate amount due HRP for the services rendered to the Trustee during the Application Period is $2,110.50 (the "Aggregate Service Amount"), for an average hourly rate of $315.00. The expenses for which reimbursement is requested are those customarily charged by HRP to all of its clients. The aggregate expense reimbursement reflected on the attached Invoice sought by this Application is $43.90.

16.     In evaluating this Application, this Court should consider the value of the services rendered by HRP for the Trustee, the nature and complexity of the issues presented, the skill required to perform the services properly, the customary fees charged by other professionals in similar cases, the experience and ability of the professionals involved and the compensation amounts awarded in similar cases. These factors, whether viewed individually or collectively, support an award of the requested compensation in full. All of the services for which compensation is requested were services that, in the Trustee's and HRP's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

17.     In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of HRP's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, HRP has classified its services into two (2) separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
| --- | --- | --- |

| Case Administration | 5.8 | $1,827.00 |
|---|---|---|
| Fee Application / Client Billing | .9 | $283.50 |
| **TOTAL** | **6.7** | **$2,110.50** |

18. The Invoice provides detailed descriptions of all services rendered in each of the above categories and the timekeeper, date, and amount of time expended in each category. Mr. Greg Apathy, at an hourly rate of $315.00, performed all HRP services identified and set forth in this Application.

19. The hourly rates charged by HRP with respect to its services compare favorably with the rates charged by other Chicago metropolitan turn-around consulting firms having employees with similar experience and expertise as the HRP professionals. Further, the amount of time spent by HRP in this Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, and the ultimate benefit to the Estate.

20. Given the criteria set forth in 11 U.S.C. § 330, namely: (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, HRP respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

{10710-002 APPL A0391601.DOC}    5

## EXPENSES

21. The aggregate amount of expenses for which reimbursement is being sought is $43.90. All of the expenses for which reimbursement is requested are expenses which HRP customarily recoups from all of its clients. An itemization of the expenses is attached hereto as part of Exhibit A. The types of costs for which reimbursement is sought are listed below:

| Messenger Service | actual cost |
| Pacer Services | actual cost |

22. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| Messenger Service | $27.80 |
| Pacer Services | $16.10 |

23. All expenses incurred by HRP incidental to its services were customary and necessary expenses. The data room service charges were incurred during the due diligence Sale process of the Debtor's business and represents the actual cost of those information technology services billed to HRP by a third-party vendor. All expenses were billed in the same manner as HRP bills its non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## COMPLIANCE WITH 11 U.S.C. § 504

24. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between HRP and any other firm, person or entity for the sharing of division of any compensation payable to HRP.

WHEREFORE, High Ridge Partners requests the entry of an order, substantially in the form attached hereto, that:

a) Allows HRP $2,110.50 in compensation for services provided during the Application Period;

b) Allows HRP $43.90 in expense reimbursement for expenses incurred during the Application Period;

c) Authorizes the Trustee to pay HRP the amount of $2,154.40 from the Estate;

d) Deems the Interim Award to be a final award;

e) Waives other and further notice of the hearing with respect to this Application; and

f) Provides HRP with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,
High Ridge Partners

Dated: November 25, 2014

By: _/s/ Richard M. Fogel, Trustee_

Richard M. Fogel
John Guzzardo
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Tel: (312) 541-0151
Fax: (312) 980-3888
*Counsel for the Trustee*

# EXHIBIT A



# HIGH RIDGE PARTNERS

140 SOUTH DEARBORN, SUITE 420, CHICAGO, ILLINOIS 60603
(312) 456-5636  FAX (312) 456-5630

| Date | Invoice # |
|---|---|
| 11/24/2014 | 5355 |

**Bill To**

Richard M. Fogel, Trustee
Shaw, Fishman, Glantz, & Towbin LLC
321 N. Clark Street, Suite 800
Chicago, IL 60654
  RE:  Hollywood Boulevard Cinema

| Description | Amount |
|---|---|
| Professional Services - supporting detail attached | 2,110.50 |
| July 1, 2014 through October 31, 2014 | |
| | |
| Messenger | 27.80 |
| Pacer Services | 16.10 |
| Total Reimbursable Expenses | 43.90 |

Thank you for your business

**Total**  $2,154.40



HBC Trustee-Rick Fogel
Period 07/01/14 through 10/31/14
Summary of Professional Time

November 24, 2014

| Name | Consultant Summary | Hours | Rate | Fees |
|---|---|---|---|---|
| Greg Apathy | | 6.70 | 315.00 | $2,110.50 |
| **TOTAL PROFESSIONAL HOURS AND FEES** | | 6.70 | | $2,110.50 |



Summary of Projects
November 24, 2014
Page 1

| Selection Criteria | |
|---|---|
| Clie.Selection | Include: HBC Trustee-Rick Fogel |
| Slip.Date | 7/1/2014 - 10/31/2014 |

| Totals for | Hours | Fees |
|---|---|---|
| 11 - Case Admin./General | 5.80 | $1,827.00 |
| 12 - Fee Application/Client Billing | 0.90 | $283.50 |
| Grand Total | 6.70 | $2,110.50 |



HBC Trustee-Rick Fogel
Period 07/01/14 through 10/31/14
Page 1

November 24, 2014

Professional Time by Date

|  | Hours | Project |
|---|---:|---:|
| 7/21/2014 Greg Apathy<br>Prepare analysis of sales tax underpayment and compare to IDOR notice; calculate underpayment during chapter 11 trustee period and discuss with R. Fogel. | 1.90 | 11 |
| 7/23/2014 Greg Apathy<br>Prepare analysis of intercompany transactions. | 1.90 | 11 |
| 7/30/2014 Greg Apathy<br>Follow up on 1st quarter 2013 payroll tax filings. | 0.40 | 11 |
| 8/1/2014 Greg Apathy<br>Follow up on 1st Quarter 2013 payroll tax filings; discuss w/ R. Fogel and L. Severson. | 0.40 | 11 |
| 8/6/2014 Greg Apathy<br>Phone w/ M. Moore re: T. Bulthaup claims to assets. | 0.30 | 11 |
| 8/11/2014 Greg Apathy<br>Follow up on form 941 with L. Severson; review completed form. | 0.30 | 11 |
| 8/29/2014 Greg Apathy<br>Prepare quarterly financial statements per Trustee's request. | 0.60 | 11 |
| SUBTOTAL: | [   5.80 | $1,827.00] |



HBC Trustee-Rick Fogel
Period 07/01/14 through 10/31/14
Page 2

November 24, 2014

Professional Time by Date

|  |  | Hours | Project |
|---|---|---:|---:|
| 7/11/2014 | Greg Apathy<br>Review time entries and discuss fee application w/ J. Guzzardo; discuss preparation of invoice w/ J. Dill. | 0.50 | 12 |
| 7/21/2014 | Greg Apathy<br>Review fee application and discuss with J. Guzzardo. | 0.40 | 12 |
|  | SUBTOTAL: | [ 0.90 | $283.50] |